UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

NICHOLE PUSCAVAGE, Individually :
and as Administratrix of the   :CIVIL ACTION NO. 3:16-CV-35
ESTATE OF ANTHONY PUSCAVAGE and :
ANTHONY COOK,                  :
                               :(JUDGE CONABOY)
            Plaintiffs,        :
                               :
     v.                        :
                               :
LUZERNE COUNTY CHILDREN AND    :
YOUTH SERVICES, et al.,        :
                               :
            Defendants.        :
                               :

### MEMORANDUM

Pending before the Court is the Motion for a Protective Order on Behalf of Defendant, Luzerne County Children and Youth Services. (Doc. 30.) With this motion Defendant seeks a protective order keeping the Luzerne County Children and Youth records regarding the Puscavage/Cook family confidential because of significant privacy concerns.[1] (Doc. 30 at 3 ¶ 12; Doc. 31 at 3.) Plaintiffs respond that Defendant, Luzerne County Children and Youth Services ("CYS" "Defendant") does not have standing to bring the request for a protective order and, alternatively, CYS has not demonstrated good cause for the protective order because the threat of abuse of confidential information is insignificant. (Doc. 32 at 3, 6.) I

---

[1] Defendant states that "[i]n addition to Plaintiffs' decedent, Anthony Puscavage, Nichole Puscavage is the natural mother of four other minor children. Those four other children ("Puscavage children") have come under the care and custody of LCCYS." (Doc. 30 at 4 ¶ 15.)

conclude Defendant's Motion is properly granted.

## I. Background

On January 11, 2016, Plaintiffs, Nichole Puscavage, Individually and as administratrix of the estate of Anthony L. Puscavage and Anthony Cook filed the above-captioned 1983 action in this Court. (Doc. 1.) The action arises from the death of Anthony Puscavage in January 2015, two months after the Luzerne County Court of Common Pleas entered a dependency order placing Anthony and his minor brother, A.P., with Nichole Puscavage's mother and stepfather, Brenda and Kenneth Wilkes, at Nichole Puscavage's request. (Doc. 30 at 2 ¶ 2.)[2] The Luzerne County Order came as a result of Defendant's November 13, 2014, petition to the Luzerne County Court for dependency of Anthony Puscavage and his brother. (*Id.* at 1 ¶ 2.)

Prior to November 2014, Defendant had been involved with supervising the Puscavage/Cook family for several years as a result of multiple referrals the agency received on the family. (*Id.* at 2 ¶ 3.) The reasons for the referrals included unsanitary home conditions, abuse with regard to head trauma to one of the children, neglect of the children, and overcrowding in the home by non-family members. (*Id.* ¶ 4.)

Plaintiffs allege that LCCYS failed to obtain background

---

[2] Plaintiffs do not allege any error regarding the background information contained in Defendant's motion (Doc. 30 at 1-3) and set out in the text here. (*See* Doc. 32.)

clearances for Brenda Wilkes or members of that household before placing Anthony and A.P. in the home of Nichole's mother. (Doc. 1 ¶ 43.) Plaintiffs also allege that Plaintiff Nichole Puscavage's mother had an extensive history of CYS involvement in her own life in that her own children were removed from her when they were minors. (*Id.* ¶ 32.) Defendant notes that several years earlier Plaintiff Nichole Puscavage had entered into a private custody arrangement in which she voluntarily gave custody of her two older children, C.P. and T.P., to her mother. (Doc. 30 at 2 ¶ 7.) Because of the private custody arrangement, both of Nichole's oldest boys were raised by Brenda and Kenneth Wilkes. (*Id.* ¶ 7.) As of November 2014, Nichole's oldest boys were five and eight years of age. (*Id.* at 3 ¶ 8.)

Plaintiffs allege that on January 8, 2015, Anthony suffered a head injury while in the custody of Nichole's mother. (Doc. 1 ¶ 34.) On January 11, 2015, at approximately 9:15 a.m. Nichole's mother found Anthony unresponsive and emergency personnel were contacted. (*Id.* ¶ 35.) When emergency personnel arrived, Anthony was found "barely breathing and unresponsive, with a blown pupil." (*Id.* ¶ 36.) He was transported to Geisinger Wyoming Valley Hospital where a CT scan revealed a subdural hematoma. (*Id.* ¶ 37.) While trying to surgically treat the subdural hematoma, Anthony died. (*Id.* ¶ 39.)

3

## II. Discussion

Plaintiffs argue that significant privacy concerns warrant the issuance of a protective order keeping certain Luzerne County CYS records confidential. (Doc. 31 at 3.) As noted above, Plaintiffs oppose Defendant's motion on alternative grounds. First, Plaintiffs assert that CYS lacks standing to bring the motion. (Doc. 32 at 3.) Alternatively, Plaintiffs contend that CYS has not demonstrated good cause necessary for the protective order because the threat of abuse of confidential information is insignificant. (*Id.* at 6.)

As a general matter, Federal Rule of Civil Procedure 26(b)(1) provides that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Although all relevant material is discoverable unless an applicable evidentiary privilege is asserted, "the court, in its discretion, is authorized by [Rule 26 (c)] to fashion a set of limitations that allows as much relevant material to be discovered as possible, while preventing unnecessary intrusions into the legitimate interets--including privacy and other confidentiality interests--that might be harmed by the release of the material sought." *Pearson v. Miller*, 211 F.3d 57, 65 (3d Cir. 2000). Rule 26(c) specifically provides that a court may issue a protective order for "good cause . . . to protect a party or person from

4

annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).

The Third Circuit Court of Appeals reiterated the necessary showing to establish good cause in *Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir. 1994): "'Good cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure.'" *Id.* at 786 (quoting *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984)). To show good cause, the party seeking a protective order must assert a specific injury, and the burden of justifying confidentiality is on the party seeking the order. *Id.* at 786-87. In the case of a request for confidentiality, "'whether disclosure will be limited depends on a judicial balancing of the harm to the party seeking protection (or third persons) and the importance of disclosure to the public.'" *Pansy*, 23 F.3d at 787 (quoting Arthur A. Miller, *Confidentiality, Protective Orders, and Public Access to the Courts*, 105 Harv. L. Rev. 427, 432-33 (1991))). "One interest which should be recognized in the balancing process is an interest in privacy." *Id.* (citing *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34-36 (1984)). Other factors include: whether confidentiality is being sought for a legitimate purpose or for an improper purpose; whether disclosure of the information will cause a party embarrassment; whether a party benefitting from the order is a public entity or official; and whether the case involves issues

important to the public.  *Id.* at 787-88.

**A.   *Standing***

Plaintiffs state that "it is difficult--if not impossible--to determine how CYS has standing to bring the instant request for a protective order" in that Defendant is seeking to protect the privacy interests of individuals who are not currently under the custody, care, or supervision of CYS."  (Doc. 32 at 5.)  Plaintiffs also aver that CYS does not describe how it has suffered an actual injury. (*Id.*)  Defendant maintains that standing is proper because it is authorized to seek records of non-parties and has a statutory obligation to do so.  (Doc. 33 at 2-3.)

Plaintiffs rely on general standing principles:

> The Supreme Court has stated it is "well settled that 'the irreducible constitutional minimum of standing contains three elements. First, the plaintiff must have suffered an injury in fact--an invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical.  Second, there must be a causal connection between the injury and the conduct complained of . . . Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.'"  *United States v. Hays*, 515 U.S. 737, 742-43 (1995), quoting *Lujan* [*v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)].

(Doc. 32 at 3-4.)

Defendant sets out the following relevant authority regarding the confidentiality of information related to a minor child:

> 55 Pa Code § 3680.34 provides that

6

> "[i]nformation that may identify a child or the family, as well as other information contained in the client record, is confidential." Specifically, § 3680.34. Confidentiality of client records, states the following:
>
> > (a) Information that may identify a child or the family, as well as other information contained in the client record, is confidential.
> >
> > (b) The legal entity shall ensure that no staff person discloses or makes use of information, directly or indirectly, concerning a child or the family, or both, other than in the course of the performance of his duties.
>
> 55 Pa. Code § 3680.34; *See Kane v. Chester Cty.*, No. 5:12-cv-06649 (E.D. Pa. Jan. 26, 2016).
>
> Further, Section 55 Pa. Code 3680.35 places restrictions on the "[r]elease of information in client records." *See also, V.B.T. v. Family Servs. Of W. Pa.*, 705 A.2d 1325, 1334 n.13 (Pa. Super. Ct. 1998) (Superior Court of Pennsylvania held that the confidentiality provisions contained in Chapter 3680 of title 44 "explicitly impose a duty of confidentiality upon [a]...foster family care agency" with respect to information in client records.) *See also, Bowser v. Blair Cty. Children & Youth Servs.*, 346 F. Supp. 2d 788, 798-99 (W.D. Pa. 2004) (in dicta, the district court explained the role of children and youth agencies to care for children in loco parentis in the absence of viable alternatives.)

(Doc. 33 at 2-3.)

Defendant sums up its position as follows: "Given the statutory obligations imposed on LCCYS to maintain the

7

confidentiality of clients' records, this Court should disregard Plaintiffs' claim that LCCYS lacks standing to seek a confidentiality order in this case." (Doc. 33 at 3.)

Plaintiffs' assertion that CYS lacks standing to bring the instant request for a protective order because it "is seeking to protect the privacy interests of individuals who are not currently under the custody, care, or supervision of CYS" (Doc. 32 at 5) is countered by the authority cited by Defendant. Given the clear language contained in Pennsylvania statutes regarding the confidentiality of client records, the general principles cited by Plaintiff must be interpreted in the specific context at issue. The statutory obligations imposed on Defendant under Pennsylvania law as well as the general importance of protecting the interests of minor children indicate that Defendant has standing to seek the protective order at issue.

**B.  *Good Cause***

Plaintiffs assert alternatively that Defendant has not demonstrated "good cause" as is necessary for the issuance of a protective order. (Doc. 32 at 6.) Defendant responds that weighty privacy interests require a confidentiality order and Plaintiffs' discovery demands also support the need for the order. (Doc. 33 at 3, 5.)

In addition to the general principles applicable to protective orders set out above, it is important here to recognize that

"[t]here is compelling interest in protecting minor children's privacy rights and the protection of a minor child's privacy is a key aspect of the Juvenile Act." *In re M.B.*, 869 A.2d 542, 546 (Pa. Super. Ct. 2005). The authority cited by Defendant on this issue is persuasive:

> In light of the weighty privacy interests of minors and the sensitive information maintained by the Pennsylvania state children and youth agencies, federal courts have granted protection over the agencies' records. *See e.g., Kane v. Chester Cty.*, No.5:12-cv-06649, 2016 U.S. Dist. LEXIS 9273, at *18 (E.D. Pa. Jan. 26, 2016) (district court permitted redaction of CYS records and confidentiality order granted); *Kuhn v. City of Allentown*, 264 F.R.D. 223, 227 (E.D. Pa. 2010) (protective order granted by the district court; internal CYS records were subject to confidentiality order); *Puricelli v. Houston*, 99-2982, 2000 U.S. Dist. Lexis 3517, at *28 (E.D. Pa. Mar. 14, 2000) (district court denied plaintiff's motion to compel records pertaining to other abuse investigations conducted by CYS; ordered CYS to produce redacted investigative file of CYS)[.]

(Doc. 31 at 6-7.) Defendant also points out that, in *Pearson*, which involved a discovery dispute related to CYS records, the plaintiff's counsel did not challenge the appropriateness of a confidentiality order. (Doc. 31 at 7.) The Circuit Court noted that Plaintiff's attorneys were

> simply interested in developing her case, and would not object to an order that, for instance, prevented anyone other than counsel from viewing or learning the contents of any of the material sought. Such a restriction seems entirely sensible at this point, since

9

>            any restrictions that would (a) further
>            legitimate interests in confidentiality, but
>            (b) would not interfere with appellee's needs
>            at this early stage, would be appropriate.
>            Indeed, in view of the considerable
>            significance of the interests in
>            confidentiality here at stake, it would
>            appear proper for the District Court to
>            permit no greater release of the information
>            sought by appellee than is absolutely
>            necessary for the particular purposes for
>            which it is sought.  The parties may later
>            seek to modify the order as appropriate at a
>            later stage.

*Pearson*, 211 F.3d at 73.

I conclude Defendant makes a compelling argument that the privacy interests of several minors are the paramount concern here and the needs of these children weighs in favor of granting the protective order.  (Doc. 31 at 8-11; Doc. 33 at 3-5.)  In undermining the protection of a minor's interest in privacy, Plaintiffs look for a specific injury.  (Doc. 32 at 7.)  In so doing, Plaintiffs appear to disregard courts' recognition of the potential results of revelation of sensitive information about dependent minors as sufficient to impose restrictions on the release of such information.  (*See, e.g.*, *Pearson*, 211 F.3d 57; *Bowser*, 346 F. Supp. 2d 788.)  Importantly, Plaintiffs do not articulate a single specific reason why it is important to disclose to the public the information Defendant seeks to keep confidential. *See Pansy*, 23 F.3d at 787 (importance of disclosure to public key consideration when balancing interests in context of request for confidentiality order).  Rather, Plaintiffs argue in generalities

10

and posit that this order is not needed because "discovery in a matter is generally kept private." (Doc. 32 at 8.) Whether this may be true is not the Court's concern here. The Court's concern is the interests of the minor children; a specific order that certain information be kept confidential is the best way to protect those interests.

### III. Conclusion

For the reasons discussed above, the Motion for a Protective Order on Behalf of Defendant, Luzerne County Children and Youth Services (Doc. 30) is granted and Defendants' Proposed Confidentiality Order (Doc. 30-4) is entered. An appropriate Order is filed simultaneously with this Memorandum.

/s/ Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge

DATED: 7-21-16

11